**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MELCHIOR PIERRE, | : | CIVIL ACTION NO. 16-8639 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| M & T BANK, et al., | : | |
| Defendants. | : | |

**LINARES, District Judge**

The defendant M & T Bank (hereinafter, "the Bank") moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(1) and Rule 12(b)(6) to dismiss the claims that are asserted against it in this action (hereinafter, "the Federal Action") by the *pro se* plaintiff, Melchior Pierre. (See dkt. 6; dkt. 6-1; dkt. 6-2; dkt. 7 through dkt. 7-4.)[1] Pierre has not filed opposition to the motion.

This Court resolves the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, this Court grants the motion.

## BACKGROUND

When Pierre defaulted on the payments related to the mortgage on his property (hereinafter, "the Mortgaged Property"), a foreclosure action was brought against him in

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

New Jersey state court (hereinafter, "the State Foreclosure Action") in May 2010 by: (1) the Bank, which was the lender; and (2) Mortgage Electronic Registration Systems (hereinafter, "MERS"), which was the servicing agent for the mortgage. See No. F-28198-10 (N.J. Superior Court, Morris County). (See dkt. 6-1; dkt. 7-1 at 42.)

Pierre filed an answer and was represented by counsel in the State Foreclosure Action. (See dkt. 6-1 at 2; dkt. 7 at 2–3; dkt. 7-1 at 53.) In May 2014, a final judgment of foreclosure was entered in the State Foreclosure Action against Pierre (hereinafter, "the State Judgment"). (See dkt. 6-1 at 2; dkt. 7 at 3; dkt. 7-4 at 1–2.) The Mortgaged Property has since been sold in a sheriff's sale. (See dkt. 7 at 3.)

Pierre brought the Federal Action against the Bank and MERS in November 2016. (See dkt. 1.) In the Federal Action, Pierre alleges that the State Judgment resulted from conduct on the part of the Bank and MERS in the State Foreclosure Action that was violative of the Constitution, misrepresentative, negligent, and fraudulent. (See dkt. 1.) Pierre further alleges that the Bank and MERS "have no legal right, title, or interest in the real property which is the subject matter of this action." (Id.)[2]

## ANALYSIS

**I.   Standards**

This Court is guided by the following standards in resolving the Bank's motion to dismiss.

---

[2] Counsel for MERS has filed an appearance, but has not filed an answer or otherwise responded to the complaint at this juncture.

### A.     Rule 12(b)(1)

It is not necessary for this Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(1), because that standard has been already enunciated. See Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the standard; citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977), Petruska v. Gannon Univ., 462 F.3d 294 (3d Cir. 2006), and Constitution Party of Pa. v. Aichele, 757 F.3d 347 (3d Cir. 2014)).

### B.     Rule 12(b)(6)

It is also not necessary for this Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth the standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; citing Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

### C.     Unopposed Motions To Dismiss

Pierre has not opposed the motion at bar. However, this Court must still address a motion to dismiss on the merits even if it is unopposed. See Jones v. Unemployment Comp. Bd. of Review, 381 Fed.Appx. 187, 189 (3d Cir. 2010); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

### D.     Liberal Construction Of *Pro Se* Pleadings

This Court, in addressing the instant motion: (1) construed Pierre's claims liberally; and (2) accepted all of Pierre's factual allegations as true, construed the claims

in the light most favorable to Pierre, and considered whether Pierre may be entitled to relief in federal court under any reasonable reading of those claims. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Iqbal, Twombly, Erickson v. Pardus, 551 U.S. 89 (2007), and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).

## II.     Pierre's Constitutional Claims

Violations of federal constitutional rights are actionable under 42 U.S.C. § 1983. The gravamen of Pierre's Section 1983 claims against the Bank is a dispute between Pierre and a private entity, and thus that claim raises no proper federal cause of action and has no call upon a federal forum. Pierre cannot maintain claims under Section 1983 that essentially seeks relief based on the private conduct of a private actor, i.e., the Bank, no matter how allegedly wrongful. See Dophin v. Bank of Am. Mortg. Co., 641 Fed.Appx. 131, 133 (3d Cir. 2016); St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006).

Therefore, the part of the Bank's motion to dismiss Pierre's claims for Constitutional violations is granted.

## III.    The Rooker-Feldman Doctrine

Pierre's remaining claims against the Bank for misrepresentation, negligent conduct, and fraudulent conduct are barred by the Rooker-Feldman doctrine, because he is seeking to avoid the State Judgment issued in the State Foreclosure Action by bringing the Federal Action. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983);

Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923). The Rooker-Feldman doctrine bars this Court from adjudicating Pierre's claims, because: (1) Pierre is a state court loser complaining of injuries caused by the State Judgment; (2) the State Judgment was rendered in May 2014, which was before the Federal Action was commenced in November 2016; and (3) Pierre invites a review and a rejection of the State Judgment. See Bierley v. Abate, 661 Fed.Appx. 208, 209 (3d Cir. 2016) (affirming the district court's dismissal on Rooker-Feldman grounds).

The proper way for Pierre to proceed would be to seek review and relief through the state appellate process, and then seek certiorari directly to the United States Supreme Court, because this Court is prohibited from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the State Judgment, or void the rulings issued by the state court in the State Foreclosure Action. See Francis v. TD Bank, N.A., 597 Fed.Appx. 58, 60–61 (3d Cir. 2014) (affirming a district court's dismissal of the claims that were brought in connection with a state foreclosure action as being barred by the Rooker-Feldman doctrine, because plaintiff sought redress from a state court judgment); Jacques v. Chase Bank USA, N.A., No. 16-1318, 2016 WL 5075940, at *1 (3d Cir. Sept. 20, 2016) (doing the same); Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152–53 (3d Cir. 2008) (affirming a district court judgment that dismissed the claims attacking the merits of a separate state court foreclosure action, inter alia, as being barred by the Rooker-Feldman doctrine).

Therefore, the part of the Bank's motion to dismiss Pierre's remaining claims is granted. This Court notes that Pierre's claims for Constitutional violations would be barred by the Rooker-Feldman doctrine as well.

## IV.    Alternative Grounds for Dismissal

The Court's determinations set forth above "preclude[] the necessity to address [any] alternative grounds for dismissal," but the Court will exercise the discretion to discuss alternative grounds "for the sake of completeness." Global Naps, Inc. v. Bell Atlantic-New Jersey, Inc., 287 F.Supp.2d 532, 545 n.20 (D.N.J. 2003) (addressing the defendant's alternative grounds for dismissal, even though dismissal was to be granted based upon lack of subject matter jurisdiction).

### A.    Res Judicata

Pierre is raising claims concerning conduct that occurred before the State Judgment was entered. Because those claims either have been raised or should have been raised in the State Foreclosure Action, those claims are barred by the doctrine of res judicata. See Jacques, 2016 WL 5075940, at *1. Res judicata applies, because (1) the State Judgment and any related state court orders are valid, final, and on the merits, (2) the parties in the State Foreclosure Action and the Federal Action are either the same or in privity with each other, and (3) the claims in the Federal Action arise from the same transactions and occurrences underlying the State Foreclosure Action. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

Therefore, this Court could also grant the motion pursuant to res judicata.

### B. Entire Controversy Doctrine

Pierre's claims are also barred by the entire controversy doctrine, because he could have raised any allegations concerning conduct that was constitutionally violative, misrepresentative, fraudulent, or negligent in the State Foreclosure Action. See Lui v. Comm'n On Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004) (holding that the state courts are "every bit as competent to deal with . . . claims . . . as are federal courts, and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution").

The entire controversy doctrine, "which does not require commonality of issues, precludes a party from later bringing claims that could have been joined in the earlier action," particularly when those claims "arise from related facts or the same transaction or series of transactions." Zahl v. Warhaftig, 655 Fed.Appx. 66, 76 (3d Cir. 2016) (internal quotation marks and citations omitted); see Opdycke v. Stout, 233 Fed.Appx. 125, 129 n.6 (3d Cir. 2007) (setting forth the broad reach of the entire controversy doctrine). As a result, Pierre is precluded from bringing his claims in the Federal Action against the Bank.

Therefore, this Court could also grant the motion pursuant to the entire controversy doctrine.

### C. Lack of Authority

This Court is also without authority in general to review and adjudicate issues that have arisen in the state court in the State Foreclosure Action. See Francis, 597 Fed.Appx. at 61 (affirming the dismissal of a borrower's claims alleging misconduct by a bank in

7

bringing a separate state foreclosure action, and citing <u>Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281 (1970), and <u>In re Grand Jury Proceedings</u>, 654 F.2d 268 (3d Cir. 1981)).

## CONCLUSION

For the aforementioned reasons, this Court: (1) grants the motion by the defendant M & T Bank to dismiss the claims asserted against it; and (2) dismisses Pierre's claims that are asserted against the defendant M & T Bank. The Pierre's claims that are asserted against the defendant Mortgage Electronic Registration Systems remain viable at this juncture.

The Court will enter an appropriate order.

                                                                  JOSE L. LINARES
                                                                  United States District Judge

**Dated:** March   3rd  , 2017